In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,
          Plaintiff,

          V.

Ruth Ann Minner, Governor,
And Members of The Senate
And House of Representatives,
Legislature, of The State
of Delaware, et al,
          Defendants,

Civil Action No. _____

**07 - 342**



80 scanned

Complaint

1). This is a Civil Action authorized by 42 U.S.C. Subsec. 1983,
to redress the deprivation, under Color of State Law, of rights
secured by the Constitution of the United States.

          Jurisdiction And Venue

2). This Court has jurisdiction under 28 U.S.C. Subsec. 1331 and
1343(a)(3), to redress deprivation under the Color of any State Law,
Statute, ordinance, regulation, custom or usage of any right,
privilege or immunity secured by the Constitution of the United
States or by any act of Congress providing for equal rights of all
persons within the jurisdiction of the United States.

3). The District of Delaware is the appropriate venue under 28 U.S.C. Subsec. 1391(b)(2), because this is where the events giving rise to this Claim occurred.

4). The Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Subsec. 2201 and 2202. Plaintiff's Claims for injunctive relief are authorized by 28 U.S.C. Subsec. 2283 and 2284, and Federal Rules of Civil procedure 65.

<u>Plaintiff</u>

5). The Plaintiff, Anson I. Gibbs, Sr., is and was at all times mentioned herein, a citizen of the United States and a resident of the State of Delaware. Plaintiff is currently incarcerated at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

<u>Defendants</u>

6). Defendant, Ruth Ann Minner, here and after ("Minner"), is Governor, Chief executive of the State of Delaware. Defendant ("Minner") has the final responsibility of approving and singing into Law, Bills passed by the Senate and House of Representatives. Defendant ("Minner") also has the authority to veto any such Bills. Defendant ("Minner") is being sued individually and in her official capacity. (Del. Const. Art. III Sec. 1, 17 and 18).

7). Defendants, Senate and House of Representatives, here and after ("Legislature"), Serve the Same purpose and Functions and are legally responsible for drafting and passing of Bills, to be approved and signed into law by the Governor, Chief executive of the State of Delaware. Defendants ("Legislature") are being sued individually in both Houses and in their official capacity." (Del. Const. Art. II Sec. 1, 2 and 2B).

8). At all times Mentioned in this Complaint each defendant acted under Color of State law.

## Facts

9). On May 17, 2004, in the County of Kent, Dover, Delaware, the plaintiff was arrest and Charged with (6) counts of Forgery 2nd, and (6) Counts of Theft Misdemeanor. The plaintiff was imprisoned at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977; for lack of bail.

10). On July 6, 2004, the plaintiff was indicted on all charges. (See exhibit A and B).

11). Plaintiff was than appointed Counsel from the public Defender's Office. After numerous plea offers, to which the plaintiff refused. On March 16, 2005, the plaintiff was carried before the Court, and after having a hearing plaintiff was released from prison.

(3)

12). On June 7, 2005, plaintiff was rearrested on a capias and carried before the Court prior to having a hearing plaintiffs Court appointed Counsel informed plaintiff that prior to plaintiff's release on March 16, 2005, that plaintiff had been reindicted on March 8, 2005, and was due to appear before the Court on May 31, 2005. (See exhibit-c).

13). Upon hearing this information plaintiff then and there requested that Counsel file a Writ of Habeas Corpus on Claims of Double Jeopardy, lack of Jurisdiction to Reindict, and that plaintiff is illegally being detained; or file a Motion to dismiss.

14). After nearly (3) Weeks and no response from Counsel Concerning plaintiff's request. The plaintiff on June 19, 2005, drafted a petition for Writ of Habeas Corpus and filed with the Superior Court, Kent County, Dover, Delaware 19901. (See exhibit-D).

15). The Superior Court refused to accept jurisdiction over plaintiff's Habeas Corpus petition in a timely manner. So the plaintiff on July 2, 2005, filed a Notice of Appeal with the Supreme Court of Delaware. The Supreme Court on July 6, 2005, granted plaintiff's Notice of Appeal, and notified the Superior Court of its actions. (See exhibit-E).

16). On July 10, 2005, plaintiff rec'ed an Order from the Superior Court stating it had dismissed plaintiff's Habeas petition, setting forth the following reason under the provisions of 10 Del.C. Subsec. 6902(1) (See exhibit-F).

(4)

"The extraordinary remedy of Habeas Corpus is not available where the commitment is regular on its face."

17). The Supreme Court on November 1, 2005, affirmed the decision of the Superior Court. (See exhibit-6).

18). Defendants ("Minner") and ("Legislature"), under the guise of 10 Del. C. subsec. 6902(1) has ratified, altered or changed by words, phrases or paragraphs, Article 1, sec. 9, clause 2 of the Constitution of the United States, which clearly provides the following:

"The privilege of the Writ of Habeas Corpus shall not be suspended unless when in cases of Rebellion or Invasion the public safety may require it."

19). Defendants have set forth in 10 Del. C. subsec. 6902(1) that: "Every person... shall have remedy by the Writ of Habeas Corpus... except—

(1) Persons committed or detained on a charge of Treason or Felony, the Species whereof is plainly and fully set forth in the commitment."

(5)

20). The defendants have borrowed / taken the words "Treason or Felony" to put in the the place of "Rebellion or Invasion" from Article 1, Sec. 6 of the Constitution of the United States. It states in pertinent part:

> "The Sentors and Representatives
> Shall in all cases, except Treason,
> Felony... be privileged from arrest..."

21). The defendants were not delegated the authority pursuant to Article V of the Constitution of the United States, to ratify, alter or Change by words, phrases or paragraphs, any part(s) thereof. Article V explicitly sets forth that:

> "The Congress, whenever two thirds of both
> Houses shall deem it necessary, shall
> propose Amendments to this Constitution, or,
> on the Application of the legislatures of
> two thirds of the several States, shall
> call a Convention for proposing Amendments,
> which in either case, shall be Valid to all
> Intents and purposes, as part of this
> Constitution, when ratified by the Legis-
> lature of three forth of the several
> States, or by Convention in three forth
> thereof, as the one or the other mode of
> Ratification may be proposed by the Congress."

(6)

22). 10 Del. C. subsec. 6902(1) totally defy and overrides Article 1, sec.9, clause 2 and Article II, and is clearly unconstitutional because both Articles are well settled with respect to elements for denial of an application for a Writ of Habeas Corpus, and Amendments to the Constitution of the United States. (U.S.C.A. Const. Art.1, sec.9, cl.2 and Art. V )

<u>Legal Claims</u>

23). Plaintiff reallege and incorporate by reference, paragraphs 1-22.

24). Defendants conduct (paragraphs 6-22) amounts to deliberate indifference to the rights of the plaintiff, because 10 Del. C. Subsec. 6902(1), shuts the door and leaves no exit for a speedy release of the plaintiff who is illegally detained and physically restrained of his liberty on felony charges. The defendants knew or should have known, that prior to the drafting and making 10 Del. C. subsec. 6902(1) official law, that such law is contrary to the Constitution, and would violate plaintiff's rights of access to the Courts, and would deny plaintiff equal protection and due process, as guaranteed by the Constitution of the United States. (U.S.C.A. Const. Amend. I and XIV and Art.1, sec.9, cl.2 ).

25). As a result of defendants conduct the plaintiff suffered mental and emotional stress. partially, due to the constant pursuit of Court litigation and the daily struggles of prison life, trying to obtain the necessary legal material to redress the wrongs committed by defendants.

26). Mainly, plaintiff suffered a Heart Attack, (according to an EKG). Developed High Blood preassure, which left plaintiff restless and unable to sleep. Plaintiff was place on chronic care.

27) As a result of defendants conduct (paragraphs 1-22), the plaintiff's right to be free from cruel and unusual punishment has been violated, as a result of the injuries sustained. Defendants conduct was unreasonable, and constituted "reckless and callous indifference" to plaintiff's rights, as well as intentional violations of Federal Law. The defendants have a duty to protect the rights of the plaintiff who resided in their jurisdiction, born and naturalized a citizen of the United States. (U.S.C.A. Const. Amend. VIII and XIV).

28). If the plaintiff would have been privileged to the Writ of Habeas Corpus as guaranteed by the Constitution of the United States. The injuries sustained as a result of defendants conduct, and violations of plaintiff's rights, would never have happend. (U.S.C.A. Const. Art. 1, sec. 9, Cl.2; Art. II, parag.3, and Amend. XIV).

29). Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs set forth herein. Plaintiff has been and will continue to be inreparably injured by the conduct of defendants, unless this Court grants declaratory and injunctive relief which the plaintiff seeks, (U.S.C.A. Const. Art. II, parag. 2 and 3). (parag. 4, as incorporated in this Complaint).

(8)

30). Defendants, since the beginning of litigation on June 19, 2005, have made no attempt to correct or change the unconstitutionality of 10 Del. C. subsec. 6902(1). Therefore, the basis for this Complaint is that, the plaintiff is seeking relief that serves "to bring an end to a present and ongoing violation of Federal law". (See exhibit-H).

## Prayer For Relief

Wherefore: The plaintiff pray that this Court will enter judgment granting plaintiff:

31). Declaratory relief, that defendants conduct violated and deprived plaintiff of an interest protected by the Constitution and laws of the United States; and that 10 Del. C. subsec. 6902(1), is unconstitutional.

32). Injunctive relief, compelling defendants ("Minner") and ("Legislature"), to discontinue their custom and practice, of implementing and passing critical and unconstitutional annotated laws; to abridge the privileges and immunities of the plaintiff, as guaranteed by the Constitution of the United States; Critically set forth in 10 Del. C. subsec. 6902(1). Defendants conduct, "while acting in their official capacity, was clearly in excess of their discretion", and violated plaintiff's rights. Possessed with the authority to do so, while acting under Color of State Law."

(9)

33). Compensatory damages in the amount of $250,000. against each defendant, jointly and severally, for the injuries sustained as a result of defendants conduct.

34). Punitive damages in the amount of $1,000,000. against each defendant for "reckless and callous indifference to plaintiff's rights, and intentional violations of Federal law. The type of conduct section 1983 punitive damages is aimed to deter".

35). Cost and attorney fees in an amount to be determined by the Court. While considering the unconstitutional behavior of defendants toward the plaintiff, and the lengthy litigation involved, to redress the wrongs committed by the defendants.

36). Any additional relief this Court deems just, proper and equitable. However: The plaintiff dismiss parag. 33 for compensatory damages, and only seeks damages in paragraphs 34, 35 and 36.

Dated: May 23, 2007

Respectfully Submitted, Plaintiff,

Anson I. Gibbs Sr.
Anson I. Gibbs, Sr., SBI # 066982
1181 Paddock Road
Smyrna, Delaware 19977.
SHU Bldg # 19 - DL-11

(10)

*Original indictment*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| THE STATE OF DELAWARE | : | ID NO 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

### COUNT 1                                    K-04-06-0927

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

### COUNT 2                                    K-04- 06-0928

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act.

*(Exhibit A)*

COUNT 3                                   ↳ K-04-06-0929

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 4                                   ✗ K-04-06-0930

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $75.00 United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

COUNT 5                              IK-04- 06-0931

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$85.00  United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

COUNT 6                              K-04-06-0932

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$380.00  United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

A TRUE BILL


_____
ATTORNEY GENERAL

_____
(FOREPERSON)

_____
(SECRETARY)

_____
DEPUTY ATTORNEY GENERAL

Original indictment

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | ID NO 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                                     K-04-06-0927

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 2                                     K-04-06-0928

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act.

(Exhibit 1-B)

COUNT 3                                         K-04-06-0929

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section
861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of
Kent, State of Delaware, did intending to defraud other person, transfer check number
424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson
Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did
not authorize this act.

COUNT 4                                         K-04-06-0930

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$75.00 United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

COUNT 5                              ~~T~~K-04- 06-0931

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$85.00 United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

COUNT 6                              ~~Y~~K-04-06-0932

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware
Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of
Kent, State of Delaware, did take with the intent to appropriate property consisting of
$380.00 United States Currency belonging to Charles Lamb and valued at less than
$1,000.00.

A TRUE BILL

_____
ATTORNEY GENERAL

_____
(FOREPERSON)

_____
(SECRETARY)

_____
DEPUTY ATTORNEY GENERAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

**REINDICTMENT**

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | ID NO 0404009981 |
| | | 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                          IK-05-03- 0523

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 134, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $610.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 2                          I K-05-03- 0524

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check 133, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $250.00 which purported to be the act of Maynard Scott who did not authorize this act.

(Exhibit C)

COUNT 3                                                 I K-05-03- 0525

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 22nd day of March, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check 137, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 4                                                 I K-05-03 - 0526

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, with intent to appropriate, did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 134) as if it had been properly executed by the holder of the account.

COUNT 5                                    I K-05-03- 0527

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate, did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 133) as if it had been properly executed by the holder of the account.

COUNT 6                                    I K-05-03- 0528

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 137) as if it had been properly executed by the holder of the account.

COUNT 7                                    I K-05-03- 0529

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 8                                    I K-05-03- 0530

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 9                              $\mathbb{T}$K-05-03 - OS 3 |

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 10                             $\mathbb{T}$ K-05-03- OS 32

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 425) as if it had been properly executed by the holder of the account.

COUNT 11                              I K-05-03- 0533

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 422) as if it had been properly executed by the holder of the account.

COUNT 12                              I K-05-03- 0534

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 424) as if it had been properly executed by the holder of the account.                    A TRUE BILL

ATTORNEY GENERAL                              (FOREPERSON)

                                             (SECRETARY)

DEPUTY ATTORNEY GENERAL

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF THE PETITION OF )    C.A. NO.
                                 )    HABEAS CORPUS
                                      Super Ct. Cu. A Ct. 1161. IK04050971 An d

THE STATE OF DELAWARE,                IK 04050927

You are commanded:

   To have        who is allegedly detained in your custody, before the Superior Court of the State of Delaware, at the County Court House at
_____ Delaware immediately after the receipt of this writ; and to abide any order which the Court shall make concerning Petitioner.

   And further, to certify fully in writing under oath the true cause of said detention, and to have there a copy of all process or Orders, if any, under which he is detained and also this writ.

              _____
                 Prothonotary

Dated: _____ ___ _____

To the above named Respondent:

   In case of your failure to produce _____ as above commanded, and fully certify in writing under oath the true cause of his detention, with a copy of all process or orders, if any, under which he is detained, within 3 days after service hereof upon you if the place where he is detained is not more than 20 miles from the County Court House, or within 6 days if such place is more than 20 miles, you may be adjudged to be in contempt of court.

              _____
                 Prothonotary

(~~Exhibit A~~)

(Exhibit- D)

State of Delaware

          ss.

_____ County

_____, Sheriff of _____ County, deposes
and says that he served personally upon _____ the
original Writ of Habeas Corpus of which the within is a true copy, by leaving the original
Writ with _____
on _____, 20 .

SWORN TO AND SUBSCRIBED before me, _____, 20 .

_____

                      Prothonotary

## Opening Statement

This Habeas Corpus Proceeding is brought on ground that there has been a Violation of Due Process of law in the Proceedings in State Court in defendant's case, starting initially, from the outset of defendant's arrest.

The defendant feel as though the Court should apply the same "bar" standards as set forth in Wilmer. V. State, (Cite as 827 A.2d 30), and State V. Kendell, Del Super, 2002, to the Attorney General's Office "when a reindictment is based upon the same set of essential elements or Statutory language, and when the first indictment has been adjudicated or dismissed by the Court, the interest of justice exception must come into play and the Attorney General must show that the Court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to complain through his present reindictment... Particularly since the supporting documentation or record is the same that the Attorney General relied on in his earlier attempt to indict the defendant... Any ground for relief that was formerly adjudicated is thereafter barred."

The reindictment violates the 5th and 14th Amendments to the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14)

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF

_Jason I. Gibbs, Sr._
for a Writ of Habeas Corpus

C.A. No.
_Super. Ct. Ca. Act. Nos. IK04050921. And_
_IK04050927_

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _IK04050921 IK04050927_.

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900,_
_10 Del. C. Sec. 4501 thru 4543 and 11 Del. C. Sec. 207,_
_Due Process, Equal Protection and the Double Jeopardy_
_Clauses of the Delaware and United States Constitution. That_
_the Grand Jury Was Without/ Lacked jurisdiction to re-_
_indict the defendant on Changes that had already been_
_dismissed. (See reverse Side)_

WHEREFORE, petitioner prays the petition issue and the writ granted.

_Jason I. Gibbs, Sr. DCC # 166982_
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6 - 19 - 05_

That one year had passed before first indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under "Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone". The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was clearly prejudicial, vindictive and an abuse of the Criminal process, and in Violation of due process, equal protection and the double jeopardy Clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proported Crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas Corpus relief should be granted, because the defendant has stated a Colorable Claim that a Miscarriage of justice and Constitutional Violations has occurred.

Defendant,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr. SBI# 866982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

(3)

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.
                    Defendant Below,
            Appellant,

        v.

State of Delaware,
                    Plaintiff Below,
            Appellee.

NO. _____

Super. Ct. Cr. Act. # IK04050921 +
I.K04050927

Notice

To: Attorney General Office
    102 W. Water Street
    Dover, Delaware 19904.

        Please Take Notice that, the within
Appeal has been forwarded to the Supreme Court
of the State of Delaware for review, on this 2nd day
of July 2005.

        (Exhibit - E)

                            Appellant, Pro Se
                            Anson I. Gibbs, Sr.
                            1186 Paddock Road
                            Smyrna, Delaware 19977.

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.,

No. _____

         Defendant Below,

Super Ct. Cr. Act # Ik 04050921 +

         Appellant,

Ik 04050927

    V.

State of Delaware,

         Plaintiff Below,

         Appellee.

## Notice of Appeal

    Please Take Notice that, Anson I. Gibbs, Sr., Defendant below appellant, does hereby invoke the jurisdiction of the Supreme Court of the State of Delaware, for an appeal to this Court, because the Superior Court of the State of Delaware, Kent County, declined or refused to accept jurisdiction over appellant's Habeas Corpus petition filed with the Superior Court, in reference to the above Criminal action numbers on June 24, 2005. A Copy of the Habeas Corpus petition sought to be reviewed is attached hereto. The Superior Court, Kent County, has denied the appellant Due Process under the United States Constitution (U.S.C.A. Const. Amend. 14); and DCS 1911, intent to elude Service of Writ...

The name and address of the attorney below for appellee is, Attorney General Office, 102 W. Water Street, Dover, Delaware 19904, the party against whom the appeal is taken.

The name and address of the attorney below for the party against whom the appeal is not taken is, Anson I. Gibbs, Sr., Pro Se; 1181 Paddock Road, Smyrna, Delaware 19977.

Please Take Further Notice that, in accordance with Rules 7(c)(6) and 9(e)(ii), there are no transcripts to be designated, because the Superior Court declined or refused to accept jurisdiction, and adjudicate appellant's Habeas Corpus petition.

That this Court should grant appellant's appeal, because, (1) There is a jurisdictional defect; (2) that the charges are facially invalid; and (3) Appellant is entitled to immediate release.

Dated: 7-2-05

Appellant, Pro Se,

Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF THE PETITION OF )    C.A. NO.
                              )    HABEAS CORPUS
                                    _Super. Ct. Cr. A Ct. No. IK04050991 And_

THE STATE OF DELAWARE.        _IK 04050997_

You are commanded:

      To have                   who is allegedly detained in your custody, before the Superior Court of the State of Delaware, at the County Court House at
                 Delaware immediately after the receipt of this writ; and to abide any order which the Court shall make concerning Petitioner.

      And further, to certify fully in writing under oath the true cause of said detention, and to have there a copy of all process or Orders, if any, under which he is detained and also this writ.

                                         _____
                                              Prothonotary

Dated: _____

To the above named Respondent:

      In case of your failure to produce _____ as above commanded, and fully certify in writing under oath the true cause of his detention, with a copy of all process or orders, if any, under which he is detained, within 3 days after service hereof upon you if the place where he is detained is not more than 20 miles from the County Court House, or within 6 days if such place is more than 20 miles, you may be adjudged to be in contempt of court.

                                         _____
                                              Prothonotary

State of Delaware

        ss.

_____ County

_____ ·, Sheriff of _____ County, deposes
and says that he served personally upon _____ the
original Writ of Habeas Corpus of which the within is a true copy, by leaving the original
Writ with _____
on _____, 20 .

SWORN TO AND SUBSCRIBED before me, _____, 20 .


                                                      Prothonotary

## Opening Statement

This Habeas Corpus proceeding is brought on ground that there has been a Violation of Due Process of law in the Proceedings in State Court in defendant's Case, starting initially, from the outset of defendant's arrest.

The defendant feel as though the Court Should apply the same "bar" Standards as Set forth in Wilmer V. State, (Cite as 827 A.2d 30), and State V. Kendell, Del. Super, 2002, to the Attorney General's Office, "when a reindictment is based upon the Same Set of essential elements or Statutory language, and when the first indictment has been adjudicated or dis-missed by the Court, the interest of justice exception must come into play and the Attorney General must show that the court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to complain through his present reindictment... Particularly since the supporting documentation or record is the same that the Attorney General relied on in his earlier attempt to indict the defendant..." Any ground for relief that was formerly adjudicated is thereafter barred."

The reindictment Violates the 5th and 14th Amendments to the constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14).

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF

_Arson I. Gibbs, Sr._
for a Writ of Habeas Corpus

C.A. No.
_Super. Ct. Ca. Act. Nos. IK0405 0921 And_
_IK 04050927_

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _IK04050921, IK04050927._

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900,_ _10 Del. C. Sec. 4501 thru 4543 and 11 Del. C. Sec. 207, Due Process, Equal Protection and the Double Jeopardy Clauses of the Delaware and United States Constitution. That the Grand Jury was without/ lacked jurisdiction to re- indict the defendant on charges that had already been dismissed. (See reverse Side.)_

WHEREFORE, petitioner prays the petition issue and the writ granted.

_Arson I. Gibbs, Sr. SBI #, 064981_
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6 - 19 - 05_

(1)

That one year had passed before first indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under 11 Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone." The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was Clearly Prejudicial, Vindictive and an abuse of the Criminal process, and in violation of due process, equal protection and the double jeopardy clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proposed Crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas Corpus relief should be granted, because the defendant has stated a Colorable Claim that a Miscarriage of justice and Constitutional violations has occurred.

Defendant,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr. SBI# 261982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

(3)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

STATE OF DELAWARE

              v.

_Anson I. Gibbs, Sr._
DEFENDANT

(
( _0404017226, 0414009981_ ACTION NO.
( _IK04050921_
( I.D. NO.
( _IK 04050927_

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for _Disqualification_
_of Counsel_ will be presented to this Honorable Court at the earliest possible
convenience.

_6-27-05_
Date

_Anson I. Gibbs_
S.B.I. _066982_
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR ___Kent___ COUNTY

STATE OF DELAWARE

V.

___Anson I. Gibbs, Sr.___

Defendant.

Cr. A. No. __IK04050921 and__

__IK04050927__

## MOTION FOR:
## Disqualification of Court Appointed Counsel

NOW COMES, __Anson I. Gibbs, Sr. Pro Se__. and makes this Honorable Court pursuant to and under the provisions of Super. Ct Cr. R. 44(a) and (d) and other similar Statutes, with this Motion for Disqualification of Court Appointed Counsel. The following is offered in support of this Motion.

1). That defendant's Court appointed Counsel, Sandra Dean, Esq. has become incommunicado and has failed to respond to defendant's request to file certain Motion, or notify the defendant that such Motions challenging the re-indictment will or will not be filed on defendant's behalf.

2). That Court appointed Counsel, Sandra Dean, Esq. should be rendered ineligible and disqualified from defendant's case by reason of her holding a fixed preconceived opinion that the defendant is guilty of the offence(s) charged, by stating repeatedly that defendant will be found guilty at a trial. It is held that a denial of competent assistance of Counsel to a Criminal defendant is a denial of due process both under the Federal and Delaware Constitutions. Merritt v. State, 59 Del. 298, 219 A. 2d 258 (Sup. Ct. 1966).

In The Superior Court of The State of Delaware
In And For Kent County

State of Delaware,

       Plaintiff,

    V.

Arson I. Gibbs, Sr.,

       Defendant.

IK04050921 & IK04050927

<u>Affidavit</u>

<u>Affidavit of Arson I. Gibbs, Sr.</u>

Arson I. Gibbs, Sr., having been duly Sworn deposes and Says the following:

1). That I am the writer of this affidavit

2). That I make this affidavit of my own free will, concerning Court Appointed Counsel, Sandra Dean, Esq.

3). That when Court Appointed Counsel aloud the Superior Court to hand down a Sua Sponte decision by dismissing the first indictment while defendant was in absentia, and for failure to inform the defendant that the first indictment had been dismissed, and that there was a possibility that the defendant would be reindicted, constitutes ineffective assistance of Counsel under the Strickland V. Washington Standards. This so, because it is held that a defendant has a right to be present at all Crucial Stages of the Criminal proceedings.

4). That Court Appointed Counsel has been ineffective in every Conceivable Way for failure to communicate with the defendant.

That I State under the penalty of perjury that the foregoing is true and Correct to the best of my knowledge.

6-17-05

Defendant

_____
Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.

Sworn and Subscribed before me a notary public on this _____ day of _____ 2005

Notary Seal. Affixed

CERTIFICATE OF SERVICE

I, _Anson I. Gibbs, Sr._, hereby certify that I have
served a true and correct cop(ies) of the attached: _Motion For_
_Disqualification of Court Appointed Counsel._ upon the
following parties/person(s):

TO: _Attorney General Office_        TO: _Prothonotary Office_
_Department of Justice_        _Superior Court, Kent County_
_102 W. Water Street_        _38 The Green_
_Dover, Delaware - 19904_        _Dover, Delaware 19901._

TO: _Miss Sandra W. Dean, Esq_        TO: _____
_Sykes Building_        _____
_45 The Green_        _____
_Dover, Delaware 19901_        _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the
United States Mail at the Delaware Correctional Center, Smyrna, DE
19977,

On this 24th day of _June_, 200 5.

_Anson I. Gibbs Jr._
Anson I. Gibbs, Sr.
SBI #066982
1181 Paddock Road
Smyrna, Delaware 19977.

# Certificate of Service

I, _Anson T. Gibbs Sr._, hereby certify that I have served a true

and correct cop(ies) of the attached: _Notice of Appeal To The_

_Supreme Court of Delaware_ upon the following

parties/person (s):

TO: _Attorney General Office_          TO: _____

_Dept of Justice_                      _____

_102 W. Water Street_                  _____

_Dover, Delaware 19904_                _____

                                       _____

TO: _____                    TO: _____

_____                        _____

_____                        _____

_____                        _____

_____                        _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _2nd_ day of _July_, 2005

_Anson L. Gibbs Sr._
_Anson T. Gibbs, Sr._
_1481 Paddock Road_
_Smyrna, Delaware 19977_

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

July 6, 2005

#3
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Lisa Lowman, Prothonotary
Superior Court
Kent County Courthouse
38 The Green
Dover, DE 19901

RE: ***Arson I. Gibbs v. State of Delaware***, No. 299, 2005
(Cr. ID No. 0404009981)

Dear Ms. Lowman:

A notice of appeal in the above captioned matter was filed in this Court on July 6, 2005.

Pursuant to Supreme Court Rule 9(b)(ii), the record must be filed with this Office no later than **July 29, 2005**. If the record is not filed by the above date, you must seek an extension from the Court and state the reasons for the delay in the transmittal of the record. Any such request for an extension must be specific as to the day the record will be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

/eas

cc:    Mr. Arson Gibbs
       John R. Williams, Esquire     (Exhibit-E)

*received July 10, 2005*

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

**Re:    Arson I. Gibbs, Sr. v. State of Delaware**
**ID Nos. 0404009981 and 0404017226**
**C.A. No. 05M-06-017**

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with
the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment
is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing,*
*Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under
one indictment. Currently you are being lawfully held at Level 5 in default of bond while
awaiting your appearance in Superior Court for Final Case Review on July 19, 2005.
Therefore, your petition for writ of habeas corpus is *dismissed.*

**IT IS SO ORDERED.**

WLW/dmh

oc:    Prothonotary
xc:    Mr. Arson I. Gibbs, Sr. - DCC
        Attorney General's Office
        Sheryl Rush-Milstead, Esquire
        Inmate Records Supervisor - DCC
        File

*(Exhibit #F)*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, | § | |
| | § | |
| Defendant Below- | § | No. 299, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0404009981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 1, 2005
Decided:   November 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

## O R D E R

This 1ˢᵗ day of November 2005, upon consideration of the opening

brief, the State's motion to affirm, and the record below, it appears to the

Court that:

(1)    The defendant-appellant, Arson Gibbs, filed this appeal from

the Superior Court's denial of his petition for habeas corpus. The State of

Delaware has filed a motion to affirm the Superior Court's judgment on the

ground that it is manifest on the face of Gibbs' opening brief that the appeal

is without merit. We agree and affirm.

(2)    The record reflects that Gibbs was indicted in July 2004 in two

separate bills of indictment with multiple counts of forgery and theft. He

*(Exhibit - 6)*

subsequently was reindicted in a consolidated indictment in March 2005. He was convicted in July 2005, following a Superior Court bench trial, of five counts of forgery and five counts of theft. Gibbs had filed a petition for a writ of habeas corpus in June 2005, which the Superior Court summarily dismissed on the ground that Gibbs was lawfully detained in default of bail.

(3)    The Superior Court's decision is manifestly correct. Under state law, a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, "the species whereof is plainly and fully set forth in the commitment."[*] Gibbs was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[*] 10 Del. C. § 6902(1).

2

I/M: *Aaron I. Gibbs, Sr.*
SBI# *066982*   UNIT *SHU Bldg 19 - DL-11*

DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$ 02.33⁰
0004808876   MAY 25 2007
MAILED FROM ZIP CODE 19977

*Legal Mail*
*# 3*

To Clerk of The Court
U.S. District Court of Delaware
844 N. Kingston St. Lock Box 18
Wilmington, Delaware
19801.

In The United States District Court
For the District of Delaware

To: Clerk of The Court
U.S. District Court of Delaware
844 N. King Street, Lock Box 18
Wilmington, Delaware 19801

0 7 - 3 4 2

From: Anson I. Gibbs, Sr., SBI #066982
1181 Paddock Road-Unit SHU #19 - DL-11
Smyrna, Delaware 19977.


FILED
MAY 30 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
no scanned

Dated: May 23, 2007

Re: Anson I. Gibbs, Sr., J. Ruth Ann Minner, Godenson, Et Al.

Dear Clerk:
        Would you please be so kind as to "Docket" the en-
closed Civil Complaint. I have been denied on four different occasions
section 1983 Forms, and want to secure the time limitation for filing
same. See exhibits attached/enclosed with letter. Please return exhibits I
enclosed same to support letter, the only copies I have.

        Also, could you please forward to me (3) section 1983 Forms, and in-
form me how many more copies of the Complaint are needed. Please
accept this letter as an application before the Court. Thank you.

                                    Respectfully Submitted
                                    Anson I. Gibbs, Sr.

RECEIVED

MAY 17 2007

SHU LAW LIBRARY

GENERAL REQUEST FORM

BLD. # *19 SHu*
Cell # *D2-11*

This request should be used to request general information, case law and/or photocopies from the Law Library. Case law is on loan only! It must be returned to receive any new case law, which is usually loaned out on a five for five basis. There should be no writing on legal materials stamped SHU Law Library.

Need (4) Copies of enclosed exhibits- A through H

please staple each exhibit separately. Also please Copy

exhibit-6 on both sides (double sided).

I still need the 42 U.S.C. Subsec. 1983 Form. ✓

Thank you

Name *Anson L. Libby, Sr.*    S.B.I. *066982*    Date: *5-15-07*

Date Received: *5-17-07*    Pay-to Log # _____

Date Sent *5-18-07*    Staff Initials: *B.E*

Staff Notes: *Sent: Photocopies - 4 x 34 = 136 pgs.*

*(Ex- D)*

M E M O

TO: I/M Arson Gibbs #066982

FROM: Brian Engrem, SHU Law Library Paralegal

DATE: May 17, 2007

RE: Photocopy Request

Today, you sent in a photocopy request for various documents labeled as exhibits. The exhibit H is DE. Code Annotated Title 10 section 6902 first page. The legal documents signed out from SHU Law Library cannot be used as exhibits for your litigation. Therefore, you need to return all pages related to Title 10 section 6902 prior to receiving your photocopies.

Cc: File

