In The United States District Court
For The District of Delaware

Anson I. Gibbs, Sr.,

    Plaintiff,

v.

Ruth Ann Minner, Governor, et al.,

    Defendants.

Civ. Act. No. 07-342-SLR

Jury Trial Demanded


FILED
JUL -6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Motion For Leave To File An Amended Complaint

The Plaintiff, Anson I. Gibbs, Sr., pursuant to Fed. R. Civ. P. 15(c), request leave to (file) an amended complaint to add the following persons as defendants and co-conspirators to the plaintiff's original complaint dated 5-23-07, and plaintiff's amended complaint dated 6-4-07.

1) Due to reasons beyond plaintiff's control, the plaintiff was unable to add the following persons to his amended complaint filed with the Court dated 6-4-07, for lack of legal information.

2). The needed information has been provided and the plaintiff present this Motion for leave to file an amended complaint adding the following persons as defendants. <u>Donald V. Cook County Sheriff's Dept.</u>, 95 F.3d 548, 554-56 (7th Cir. 1996).

3). Defendant, William L. Witham, Jr., Judge of the Superior Court, Kent County, Dover, Delaware 19901.

4). Defendant, Steele, Chief Justice of the Supreme Court, Kent County, Dover, Delaware 19903.

5). Defendant, Holland, Associate Justice of the Supreme Court, Dover, Delaware 19903.

6). Defendant, Jacobs, Associate Justice of the Supreme Court, Kent County, Dover, Delaware 19903.

7). These four defendants are being sued in their individual capacity, subject to the relief as set forth in original complaint, including paragraph 33, to which plaintiff reiterate against these four defendants.

8). It is held that "although judges enjoy absolute immunity from liability and damages for their judicial or adjudicatory acts, they are not absolutely immune in their performance of administrative and executive functions. See <u>Morrison V. Lipscomb</u>, 877 F.2d 463, 466 (6th Cir. 1989); <u>Forrester V. White</u>, 484 U.S. 219, 227 (1988).

(2)

9) These four defendants are not absolutely immune for their executive actions declaring that, "the plaintiff was not entitled to a Writ of Habeas Corpus because the plaintiff was detained on a Felony Charge" (10 Del. C. Subsec. 6902(1)). Nor are these four defendants entitled to qualified immunity, because the right violated was already established by the Constitution of the United States at the time of the violation (U.S.C.A. Const. Art. 1, Sec. 9, Cl. 2); See Conn v. Gabbert, 226 U.S. 286, 290 (1999); Wilson v. Layne, 526 U.S. 603, 609 (1999); Harlow v. Fitzgerald, 455 U.S. 800, 818 (1982).

10) Delaware Constitution Article IV, Section 2; sets forth the qualifications in order to be a judge of the State of Delaware... "Shall be Citizens of the State and Learned in the Law."

11) Therefore, these four defendants knew or should have known that their executive actions committed in scope 10 Del. C. Subsec. 6902(1), was contrary to Art. 1, sec. 9, Cl. 2 of the Constitution of the United States, and would violate plaintiff's right to due process, as well as plaintiff's right of access to the Court as provided for under the provisions of the Habeas Corpus Statute set forth in the Constitution of the United States (U.S.C.A. Const. Amend. I and XIV). These four defendants had the power and authority to rule 10 Del. C. Subsec. 6902(1) as unconstitutional, but failed to do so. (U.S.C.A. Const. Art. VI (amend) and XIV).

(3)

13) Pursuant to Del. Const. Art. XV, Sec. 9; in scope of U.S.C.A. Const. Art. I, Sec. 6 and Sec. 9, Cl. 2, and 10 Del. C. Subsec. 6902 (1), the Court must draw strong inferences and accept as true that, Del. Const. Art. XV, Sec. 9 ("pre-fixing Constitution to codification of laws") refer to the Constitution of the United States.

14) All (67) defendants mentioned in this Civil Action conspired to intentionally violate the Constitution of the United States, as well as the rights of the plaintiff, while acting under Color of State Law.

Wherefore: For the reasons stated herein the plaintiff pray that the Court will grant leave to file an amended Complaint.

Dated: 7-3-07

Plaintiff,
Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr., SBI # 066982
1181 Paddock Road
Smyrna, Delaware 19977

(4)