IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-342-SLR |
| | ) |
| GOVERNOR RUTH ANN MINNER, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 17th day of July, 2007, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint and amended complaint are dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, plaintiff's motion for leave to file an amended complaint (D.I. 9) is denied, and plaintiff's second motion for leave to proceed in forma pauperis without prepayment of filing fee (D.I. 10) is denied as moot, for the reasons that follow:

1. **Background**.  Plaintiff Arson I. Gibbs, Sr., filed this civil rights action pursuant to 42 U.S.C. § 1983.  (D.I. 2, 5)  He appears pro se and has been granted leave to proceed in forma pauperis.  (D.I. 4)

2. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus,

2

–U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion.** Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 against Ruth Ann Minner ("Governor Minner"), the governor of the State of Delaware, members of the Senate, House of Representatives, and legislature of the State of Delaware, each named individually. Plaintiff was indicted in July 2004 in the Superior Court of the State of Delaware, Kent County, in two separate bills of indictment with multiple counts of forgery and theft. He was subsequently re-indicted in a consolidated indictment in March 2005. In June 2005, plaintiff filed a petition for writ of habeas corpus which the Superior Court summarily dismissed on the ground that plaintiff was lawfully detained in default of bail. Plaintiff appealed the denial of habeas relief to the Delaware Supreme Court and it affirmed the judgment of the Superior Court. In July 2005, following a bench trial in Superior Court, plaintiff was convicted of five counts of forgery and five counts of theft.

5. Plaintiff alleges Governor Minner and all members of the Delaware Legislature, "under the guise of 10 Del. C. 6902(1) has [sic] ratified, altered or changed by words, phrases or paragraphs, Article I, Sec. 9, Clause 2 of the Constitution of the United States of America." (D.I. 2, ¶ 18) Plaintiff alleges defendants did not have the authority to alter or amend Article I. Id. at 21. He alleges defendants' conduct amounts to the deliberate indifference to his rights because § 6902(1) "shuts the door and leaves no exit for a speedy release of the plaintiff who is illegally detained and physically restrained of his liberty on felony charges." Id. at ¶ 24. Plaintiff further alleges defendants' conduct violated his right to be free from cruel and unusual punishment. Id.

3

at 27. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages. Plaintiff does not attack the constitutionality of § 6902 on its face. Rather, he seeks relief from defendants based upon their alleged actions in enacting the statute.

6. **Statute of Limitations**. There is a two year statute of limitations period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The complaint alleges plaintiff's constitutional rights were violated as a result of defendants' actions in enacting § 6902(1). The statute as it now reads became effective July 10, 1995. See 10 Del. C. § 6902; 70 Laws 1995, ch. 186, § 1, eff. July 10, 1995. Plaintiff filed his habeas corpus petition in the Delaware Superior Court in June 2005, some ten years after the effective date of § 6902(1).

7. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Wakefield v. Moore, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v.

4

Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the complaint that plaintiff's § 1983 action is barred by the two year limitations period. Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915.

8. **Legislative Immunity**. Dismissal is also appropriate on the basis of legislative immunity. The governor and the legislative branch of government for the State of Delaware are the named defendants. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984); see MCI Telecom. Corp v. Bell Atlantic of Penn., 271 F3d 491, 503 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Neither the governor or the legislative branch of the State of Delaware have waived their Eleventh Amendment immunity and, therefore, they are immune from suit.

9. The Supreme Court has held that individual members of state legislatures are absolutely immune from suit for damages under 42 U.S.C. § 1983 when conducting legitimate legislative activity. Tenney v. Brandhove, 341 U.S. 367, 376-79 (1951). Indeed, it is well established that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998) (citations omitted).

5

10. Immunity extends to state executive branch officials, such as the governor, when they perform a legislative function. Bogan, 523 U.S. at 55. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. Any activity that is in the sphere of legitimate legislative activity is a legislative act. Id. An executive function that is an integral step in the legislative process will usually be considered a legislative act. Bogan, 523 U.S. at 55. See also, Smiley v. Holm, 285 U.S. 355, 372-373 (1932)(holding that the state legislature cannot enact a law without the participation of the state governor, where the state constitution gives the governor a role in the enactment process). Accordingly, each defendant is absolutely immune from suit for any alleged legislative action taken by them to enact § 6902(1). Based upon the foregoing, plaintiff's claim has no arguable basis in law or in fact. It is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

11. **Motion to Amend**. Plaintiff filed an amended complaint (D.I. 5) on June 11, 2005 to add as defendants each and every member of the Delaware legislature. Now before the court is plaintiff's motion to amend his complaint to add as defendants Delaware judges in the Kent County Superior Court and the Delaware Supreme Court. Plaintiff alleges the judges are not entitled to judicial immunity in their executive scope for declaring that "the plaintiff was not entitled to a writ of habeas corpus because the plaintiff was detained on a felony charge." (D.I. 9) Plaintiff alleges the proposed defendants knew or should have known their executive actions were contrary to the United States Constitution. Id.

12. "After amending once or after an answer has been filed, the plaintiff may

6

amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

13. **Judicial Immunity**. Plaintiff's allegations against the four Delaware State court judges fail to state a claim upon which relief may be granted. Plaintiff argues that the four judges are not immune from suit and, therefore, amendment is proper. Judges are absolutely immune from suits for monetary damages and such immunity cannot be

7

overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 11 (1991).
Judicial immunity can only be overcome if the judge has acted outside the scope of his
judicial capacity or in the "complete absence of all jurisdiction." Id. at 11-12. Here,
plaintiff alleges, "these four defendants had the power and authority to rule 10 Del. C.
subsec. 6902(1) as unconstitutional, but failed to do so." (D.I. 9, ¶ 11) The proposed
amendment does not allege any of the four judges acted outside the scope of their
judicial capacity, or in the absence of their jurisdiction. Mireles, 502 U.S. at 11. They
are immune from suit under 42 U.S.C. § 1983. The proposed amendment advances a
claim that is frivolous and legally insufficient on its face. Therefore, the court will deny
plaintiff's motion for leave to file an amended complaint. (D.I. 9)

14. Plaintiff recently filed a motion for leave to proceed in forma pauperis without
prepayment of filing fee. (D.I. 10) This case will be dismissed as frivolous, barred by
the applicable limitations period, and by reason of defendants' immunity. Therefore, the
court will deny the motion as moot.

15. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed
without prejudice for failure to state a claim, as frivolous, and by reason of defendants'
immunity pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the
complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d
Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Plaintiff's
motion to amend complaint (D.I. 9) is denied. Plaintiff's motion for leave to proceed in
forma pauperis without prepayment of filing fee (D.I. 10) is denied as moot. Plaintiff is
not required to pay any previously assessed fees or the $350.00 filing fee. The clerk of

the court is directed to send a copy of this order to the appropriate prison business

office.

UNITED STATES DISTRICT JUDGE