In The United States District Court
For The District of Delaware

Arson I. Gibbs, Sr.,                    Civil Act. No. 07-342-SLR

        Plaintiff,

V.

Ruth Ann Minner, Governor,
et.al.,
        Defendants.

FILED

JUL 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

## Motion For Reconsideration

The plaintiff, Arson I. Gibbs, Sr. Pro Se, presents this
Motion For Reconsideration for the following reasons.

### Time limitation

1) The Court has stated in its Memorandum Order recied
by the plaintiff on 7-20-07, that plaintiff section 1983 Complaint
dated 5-23-07, and amendments to same dated 6-4-07 and 7-3-
07, are time barred by the Statute of limitation period, because
the plaintiff did not file his Complaint until ten years after the
Statute (10 Del.C.Subsec.8902(1)) was inacted.

2) This is contrary to established law, it is not how long the Statute has been active that matters, but when the plaintiff "knew or had reason to know of the injury." See Cabrera V. City of Huntington Park, 159 F.3d 734, 381 (9th Cir. 1998)

3) If plaintiff would have missed the time limitation to file his complaint, plaintiff would assert the Federal Doctrine of equitable tolling, which "permits a plaintiff to avoid the bar of the Statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim," may be available in addition to State tolling rules. Smith V. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1972); See also Donald V. Cook County Sheriff's Dept, 95 F.3d 548, 561-62 (7th Cir. 1996).

## Absolute Immunity

4) The Court went on to set forth in its Memorandum Order that, the Governor and legislative defendants are absolutely immune from suit. The Court is absolutely wrong.

5) The Governor and legislative defendants are stripped of Eleventh Amendment Immunity, because the plaintiff seeks prospective relief to end a Continuing violation of Federal Constitutional law. (See original Complaint paragraph 30).

6) In Green V. Mansour, 474 U.S. 64, 68 (1985); See also Will, 491 U.S. at 89-90. Relief that serves "to bring and end to a present violation of federal law is not barred by the Eleventh

(2)

Amendment even though accompanied by a substantial ancillary effect" on a State treasury. See Papasan V. Allain, 478 U.S. 265, 278 (1986). See Will, 491 at 71 n.10; See also Mo. V. Jayei ex. rel Jenkins, 491 U.S. 274, 284 (1989); Hutto V. Finney, 437 U.S. 678, 695-96 (1978), Overruled on other grounds by Dellmuth V. Muth 491 U.S. 223, 230 (1989); Harris V. Angelina County, 31 F. 3d 331, 337-38 (5th Cir. 1994).

7) In Tenney V. Brandttove, 341 U.S. 367, 71 S. Ct. 783 (1951), this Court was suppose to do a through examination to find out whether the legislative defendants had exceeded the bounds of legislative power and usurped authority exclusively vested in the judiciary or executive? In this Case the Governor and legislative defendants usurped authority which is exclusively vested in the executive of the United States Congress. (See U.S.C.A. Const. Art. I) See also 10 Del. C. Subsec. 6902(1); U.S.C.A. Const. Art. 1 sec. 6 and sec. 9 Cl 2.

8) Moreover: Legislators may only act in a Field where legislators traditionally have power to act. In Kilbourn V. Thompson, 103 U.S. 168, 26 L. Ed. 377, "the Court held immunity to have some limits... that there is a point at which legislators Conduct so Far exceeds the bounds of legislative power that he/She may be held personally liable in a suit brought under the Civil Rights Act."

9) In this case the Governor and Legislative defendants have exceeded the bounds of legislative power and "carried out an act, which, under no circumstances, comes within the province of the Legislature". In Tenney, justice Douglas, dissenting wrote: "It is one thing to give great leeway to the legislature right of speech, debate and investigation. But when a Committee perverts its power, brings down on an individual the whole weight of government for an illegal or corrupt purpose, the reason for immunity ends."

## Amended Complaint

10) The Court erred and abused its discretion when it denied Plaintiff's Motion To Amend his Complaint in light of paragraph (35) of original Complaint and Amendment dated 7-3-07, In Ricciuti V. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d. Cir. 1991). A Court should not deny a chance to amend, especially if the Plaintiff is alleging a Civil Rights Violation. See Becker V Montgomery, 121 S.Ct. 1801, 1808 (2001); Forte V. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991); Cruz V. Gomez, 202 F.3d 593, 597 (2d. Cir. 2000); "Court erred in refusing to permit prisoner bring pro se Section 1983 action to amend Complaint to add new defendants". Hamilton V. Leavy, 117 F.3d 742, 749 (3d Cir. 1997); Lucas V. Dept. of Corrs, 66 F.3d 245, 248-49 (94th Cir 1995); (Court erred in dismissing pro se Complaint because no findings that claims... could not be possible cured by the allegation of additional facts) Ramirez V. Galaza, 334 F.3d 850, 861 (94th Cir. 2003); Talal V. White, 403 F.3d 423, 428 (6th Cir. 2005); Lee V. City of L.A., 250 F.3d 668, 680 (94th Cir. 2001).

(4)

11) "In Forma Pauperis Complaint failing to state Claim not automatically frivolous so as to warrant Sua Sponta dismissal because Complaint raises an arguable question of Constitutional Law," Denton V. Hernandez, 504 U.S. 25, 33 (1992); See also Neitzke, 490 U.S. at 328.

## Judicial Immunity

12) "It is held that judges are absolutely immune from liability for Civil damages insofar as their Conduct does not violate Clearly establish (Federal) Statutory or Constitutional rights of which a reasonable person would have Known."

13) The plaintiff has Clearly stated a Claim that took place outside of the four defendants judicial Capacity, in paragraphs 8, 9, 11 and 14 of plaintiff's amended Complaint dated 7-3-07. When Construing plaintiff's amended Complaint against the four judicial defendants, "liberally", under the holding of Ex parte Virginia, 100 U.S. 339, 348, 25 L.Ed. 676 (1879) (We stated whether the act done by (a judge) was judicial or not is to be determined by its Character, and not by the Character of the agent); See also Bradley V. Fisher, 13 Wall 347, 20 L.Ed. 646. Under these Circumstances the four judicial defendants have Clearly acted outside of their judicial roles, and Violated the Constitution of the United States, as Well as the rights of the plaintiff. The Court merely set forth that, because they are judges they are immune from suit.

(5)

In concluding, the Memorandum Order of the Court is overwhelmingly partial, prejudicial and discriminatory and serves only to shield the defendants from civil liability and to cloak a paramount violation of the Constitution of the United States as well as the rights of the plaintiff.

Therefore, the plaintiff will set forth once again, in a question submitted for application, the factual allegation that raises a right to relief that this Court must decide.

A. Whether 10 Del. C. Subsec. 6902(1) is in violation of U.S.C.A. Const. Art. 1, sec. 9, Cl2, and whether same violates the rights of the plaintiff?

Wherefore: Upon the authorities set forth herein and for the reasons stated the Memorandum of the Court should be set aside and relief granted to the plaintiff to proceed in this civil action.

Dated: 7-24-07

Plaintiff,
Anson L. Gibbs, Sr.
Anson L. Gibbs, Sr. SBI # 066982
1181 Paddock Road
Smyrna, Delaware 19977.
SHU-Bldg # 19, DL-11

(6)

In The United States District Court
For The District of Delaware

Arson I. Gibbs, Sr.,                    Civil Act. No. 07-342-SLR

      Plaintiff,

V.

Ruth Ann Minner, Governor,
et al.,

      Defendants.

FILED

JUL 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Jurisdiction

1) This Court has jurisdiction to hear and decide Plaintiff's Complaint, because Plaintiff's Claim "With reference to the Federal Constitution is a judicial question, and one over which Federal Courts have jurisdiction by reason of its Federal nature". See Smyth V. Ames, 169 U.S. 466-522, 42 L.Ed. 819-840; Reagan V. Farmer's Loan & T. Co., 154 U.S. 369-399, 38 L.Ed. 1014-1024; Chicago M. & St. P. R. Co. V. Minnesota, 134 U.S. 418, 33 L.Ed. 370; Covington & L. Turnp. Road Co. V. Sandford, 164 U.S. 578, 41 L.Ed. 560; Chicago M. & St. P. R. Co. V. Tompkins, 170 U.S. 167, 172, 44 L.Ed. 417, 420; St. Louis & R. F. Co. V. Gill, 156 U.S. 649, 39 L.Ed. 567. (See also Original Complaint Paragraphs 22 and 30).

2) In Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998) ... "Court must consider not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the government actor's position should know."

3) This Court has jurisdiction under the cases cited and it is the Court's duty to inquire whether 10 Del. C. subsec. 6902 (1) is unconstitutional, and violates the Constitution of the United States, as well as the plaintiff's rights, and if so held, that the Court grant the plaintiff the process due, and a permanent injunction to the same effect, preventing the defendants from further use of 10 Del. C. subsec. 6902 (1), as it now stands, in the near future.

Dated: 7-24-07

Plaintiff,

Anson I. Gibbs, Sr. SBI # 011982

Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.
SHU-Bldg. # 19, DL-11

(3)

I/M: _Ansel_
SB#: _06180_

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**

Legal Mail

To: Clerk of the Court
U.S. District Court of Delaware
844 N King Street, Lockbox 18
Wilmington, Delaware
19801.

I/M _Hase_

SBI# _06632_

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**

Legal Mail.

To: Clerk of The Court
U.S. District Court of Delaware
844 N. King Street Lockbox 18
Wilmington, Delaware
19801