IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-342-SLR |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 8th day of November, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, with supplement, is **denied**. (D.I. 13, 14) The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

2. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or

reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

    3. On July 19, 2007, the court conducted an initial screening of plaintiff's complaint and dismissed it on the bases that plaintiff's claims are barred by the applicable limitation period and defendants are entitled to legislative immunity. (D.I. 12) The court also denied plaintiff's motion to amend on the basis that the amendment advanced a claim that was frivolous and legally insufficient on its face. (Id.) Plaintiff argues that the court's memorandum order is "contrary to established law" and is "absolutely wrong." (D.I. 13, ¶¶ 2, 4) He also argues that the court abused its discretion in denying his motion to amend. (Id. at ¶ 10) Plaintiff contends that the court is "overwhelmingly partial, prejudicial and discriminatory and serves only to shield the defendants from civil liability and to cloak a paramount violation of the constitution." (Id. at 6)

    4. Essentially, plaintiff disagrees with the court's order dismissing his complaint without prejudice for failure to state a claim, as frivolous, and by reason of defendants' immunity. The court has thoroughly reviewed the complaint and the July 19, 2007 memorandum order. (D.I. 12) There is no need to correct a clear error of law or fact or

to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

    5. Plaintiff's motion to amend/correct is **denied**. (D.I. 15) Plaintiff once again moves to amend his complaint to add four judicial officers. The court ruled on this issue in its July 19, 2007 memorandum order. (D.I. 12) Amendment is futile inasmuch as the proposed amendment does not state a claim upon which relief can be granted. See Foman v. Davis, 371 U.S. 178, 182 (1962); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

    6. Plaintiff's expedited motion for judicial notice of adjudicative facts and for a three judge court (D.I. 16) is **denied**.

    7. Plaintiff's second motion for leave to proceed without prepayment of filing fees (D.I. 18) is **denied**. Plaintiff asks to be relieved of the requisites of 28 U.S.C. § 1915(b)(1). Plaintiff is statutorily required to make payments toward his filing fee.

    8. Plaintiff's $350.00 filing fee is **reinstated**. (See D.I. 12, ¶ 15) The court previously determined that plaintiff has no assets and no means to pay the initial partial filing fee. Nevertheless, any money plaintiff later receives will be collected in the following manner. Plaintiff is required to make monthly payments of 20 percent (20%) of the preceding month's income credited to his prison trust account and absent further order of the court, the warden or other appropriate official at the Delaware Correctional Center, or at any prison at which plaintiff is or may be incarcerated, shall forward payments from his account to the clerk of the court each time the amount in the

account exceeds $10.00 until the filing fee is paid.  The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

_____
UNITED STATES DISTRICT JUDGE