BLD-135

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 07-4674

———————

ARSON I. GIBBS,
Appellant

v.

GOVERNOR RUTH ANN MINNER; MEMBERS OF THE SENATE individually in both houses and in their official capacity; HOUSE OF REPRESENTATIVES individually in both houses and in their official capacity; LEGISLATURE OF THE STATE OF DELAWARE individually in both houses and in their official capacity; THURMAN ADAMS; STEVEN H. AMICK; PATRICIA M. BLEVINS; COLIN R.J. BONNI; GEORGE H. BUNTING; CATHERINE L. CLOUTIER; DORINDA A. CONNOR; NANCY W. COOK; CHARLES L. COPELAND; ANTHONY J. DELUCA; MARGARET ROSE HENRY; ROBERT I. MARSHALL; DAVID B. MCBRIDE; HARRIS B. MCDOWELL; KAREN E. PETERSON; F. GARY SIMPSON; DAVID P. SOKOLA; LIANE SORENSEN; JOHN C. STILL; JAMES T. VAUGHN; ROBERT L. VENABLES; DONALD A. BLAKEY; JOSEPH W. BOOTH; GERALD L. BRADY; BRYON H. SHORT; V. GEORGE CAREY; RICHARD C. CATHCART; BENCE C. ENNIS; J. BENJAMIN EWING; ROBERT F. GILLIGAN; BETHANY A. HALL-LONG; GREGORY A. HASTINGS; GERALD W. HOCKER; DEBORAH HUDSON; JAMES JOHNSON; HELENE M. KEELEY; JOHN A. KOWALKO; GREGORY F. LAVELLE; CLIFFORD G. LEE; VINCENT A. LOFINK; VALERIE LONGHURST; MELANIE G. MARSHALL; PAMELA S. MAIER; NICK T. MANOLAKOS; DIANA M. MCWILLIAMS; JOSEPH E. MINO; JOHN L. MITCHELL; MICHAEL P. MULROONEY; WILLIAM A. OBERLE; WILLIAM R. OUTTEN; HAZEL D. PLANT; TERESA SCHOOLEY; PETER C. SCHWARTZKOPF; TERRY R. SPENCE; DONNA D. STONE; PAMELA J. THORNBURG; ROBERT J. VALIHURA; JOHN J. VIOLA; NANCY H. WAGNER; ROBERT E. WALLS; DENNIS J. WILLIAMS

———————

Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 07-cv-00342)
District Judge: Honorable Sue L. Robinson

———————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2008

Before: McKEE, RENDELL and SMITH,  Circuit Judges

_____

JUDGMENT

_____

This cause came to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on February 22, 2008.  On consideration whereof, it is now here

ORDERED and ADJUDGED by this Court that the appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  All of the above in accordance with the opinion of this Court.

ATTEST:


/s/ Marcia M. Waldron
Clerk


DATED: March 31, 2008

Certified as a true copy and issued in lieu of a formal mandate on 5/14/08

Teste: *Marcia M. Waldron*
Clerk, U.S. Court of Appeals for the Third Circuit

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
**CLERK**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



May 14, 2008

Mr. Peter T Dalleo
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Lockbox 18
Wilmington, DE 19801-3519

RE: Gibbs v. Minner, et al
Case Number: 07-4674
District Case Number: 07-cv-00342

Dear Clerk,

Enclosed herewith is the certified judgment together with copy of the opinion or certified copy of the order in the above-captioned case(s). The certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.
Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment or order is also enclosed showing costs taxed, if any.

Very truly yours,

*Marcia M. Waldron*
Marcia M. Waldron, Clerk

By: *Phyllis A. Ruffin*
Phyllis A. Ruffin, Case Manager
267-299-4918

cc: Judy O. Hodas, Esq.  Mr. Arson I. Gibbs Sr.

BLD-135
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-4674
_____

ARSON I. GIBBS,
Appellant

v.

GOVERNOR RUTH ANN MINNER; MEMBERS OF THE SENATE individually in both houses and in their official capacity; HOUSE OF REPRESENTATIVES individually in both houses and in their official capacity; LEGISLATURE OF THE STATE OF DELAWARE individually in both houses and in their official capacity; THURMAN ADAMS; STEVEN H. AMICK; PATRICIA M. BLEVINS; COLIN R.J. BONNI; GEORGE H. BUNTING; CATHERINE L. CLOUTIER; DORINDA A. CONNOR; NANCY W. COOK; CHARLES L. COPELAND; ANTHONY J. DELUCA; MARGARET ROSE HENRY; ROBERT I. MARSHALL; DAVID B. MCBRIDE; HARRIS B. MCDOWELL; KAREN E. PETERSON; F. GARY SIMPSON; DAVID P. SOKOLA; LIANE SORENSEN; JOHN C. STILL; JAMES T. VAUGHN; ROBERT L. VENABLES; DONALD A. BLAKEY; JOSEPH W. BOOTH; GERALD L. BRADY; BRYON H. SHORT; V. GEORGE CAREY; RICHARD C. CATHCART; BENCE C. ENNIS; J. BENJAMIN EWING; ROBERT F. GILLIGAN; BETHANY A. HALL-LONG; GREGORY A. HASTINGS; GERALD W. HOCKER; DEBORAH HUDSON; JAMES JOHNSON; HELENE M. KEELEY; JOHN A. KOWALKO; GREGORY F. LAVELLE; CLIFFORD G. LEE; VINCENT A. LOFINK; VALERIE LONGHURST; MELANIE G. MARSHALL; PAMELA S. MAIER; NICK T. MANOLAKOS; DIANA M. MCWILLIAMS; JOSEPH E. MINO; JOHN L. MITCHELL; MICHAEL P. MULROONEY; WILLIAM A. OBERLE; WILLIAM R. OUTTEN; HAZEL D. PLANT; TERESA SCHOOLEY; PETER C. SCHWARTZKOPF; TERRY R. SPENCE; DONNA D. STONE; PAMELA J. THORNBURG; ROBERT J. VALIHURA; JOHN J. VIOLA; NANCY H. WAGNER; ROBERT E. WALLS; DENNIS J. WILLIAMS
_____

Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 07-cv-00342)
District Judge: Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2008

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed   March 31, 2008  )
_____

OPINION OF THE COURT
_____

PER CURIAM

　　　Arson I. Gibbs, a state prisoner proceeding pro se, appeals from the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Because we agree with the District Court and conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

I.

　　　Gibbs is currently serving a ten-year prison sentence imposed following his conviction on multiple counts of forgery and theft. Before his conviction, he had been detained on these felony charges because he was in default of his bail. Gibbs sought state-court habeas corpus relief from that confinement, which the state courts denied pursuant to 10 Del. Code § 6902(1) after determining that his detention on that basis was

lawful. He later sought federal habeas relief from his subsequent conviction. The United States District Court for the District of Delaware denied his petition, and we declined to issue a certificate of appealability. Gibbs v. Carroll, C.A. No. 07-2944 (Sept. 24, 2007 order).

While Gibbs's federal habeas proceeding was pending, he filed the instant action under 42 U.S.C. § 1983. The precise nature of his claim is somewhat unclear, but he appears to allege that 10 Del. Code § 6902(1) suspends the federal writ of habeas corpus in violation of the Suspension Clause (Article I, Section 9, Clause 2) of the United States Constitution.[1] Gibbs named as defendants the Governor of Delaware and (by name) every member of the Delaware state legislature, each of whom he asserts acted unconstitutionally in enacting and ratifying § 6902. He seeks monetary damages, an order enjoining defendants from passing "unconstitutional laws," and a declaration that § 6902 is unconstitutional. Gibbs later amended his complaint once (to add the names of the individual legislators), then filed a motion for leave to amend his complaint again. Gibbs sought to add as defendants certain state-court judges on the basis of their allegedly unconstitutional enforcement of § 6902.

The District Court granted Gibbs leave to proceed in forma pauperis. By

---

[1] The statute provides, in relevant part, that "[e]very person imprisoned or restrained of liberty . . . shall have remedy by the writ of habeas corpus, except persons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment." 10 Del. Code § 6902(1).

memorandum order entered July 19, 2007, the District Court dismissed his amended complaint pursuant to § 1915(e)(2)(B) and denied his motion for leave to amend his complaint a second time. Gibbs filed a motion for reconsideration, which the District Court denied by order entered November 13, 2007. Gibbs appeals.[2]

## II.

Gibbs is proceeding in forma pauperis, so we review this appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B). An appeal is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We agree that Gibbs's complaint was frivolous and that his proposed amendment would have been futile for the reasons (including legislative immunity) amply stated by the District Court. Our independent review reveals that, for those same reasons, there is no arguable basis to challenge those rulings on appeal.

We note only two points that the District Court did not specifically address. First, Gibbs seeks prospective injunctive relief. Legislative immunity does not extend to such claims for relief in some cases, but it clearly extends to claims – like Gibbs's here – that would "seriously interfere" with the legislative function. See Baraka v. McGreevey, 481

---

[2] The District Court dismissed Gibbs's complaint without prejudice, but we have jurisdiction pursuant to 28 U.S.C. § 1291, both because the dismissal was in part pursuant to § 1915(e) and because any amendment of the complaint would be futile. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

F.3d 187, 202-03 (3d Cir. 2007).

Second, the District Court concluded that Gibbs challenged only defendants' actions and raised no direct challenge to the constitutionality of § 6902 itself. Gibbs's complaint, however, does seek a declaration that § 6902 is unconstitutional, apparently contending that it somehow suspends the federal writ of habeas corpus. Even if there were any merit to Gibbs's challenge (which we do not decide), he does not allege that § 6902 impeded his ability to seek federal habeas relief in any way. In fact, he sought federal habeas relief, which was denied for reasons unrelated to § 6902. Moreover, his current incarceration is the result of the conviction that he unsuccessfully challenged in his federal habeas proceeding, not the pre-trial detention from which he alleges § 6902 precluded him from obtaining state-court relief. Because Gibbs has not been injured by any infirmity of the statute that he alleges, he lacks standing to challenge it. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, the District Court lacked subject matter jurisdiction over this claim, as do we. See id. Gibbs's motion for "entry of default" against appellees is denied. See Fed. R. App. P. 26(b), 31(a) and (c).